UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cr-80055-ROSENBERG

UNITED STATES OF AMERICA,

v.

DERRICK RAMON THOMPSON,

Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON SUPERVISED RELEASE VIOLATIONS**

### I.   Background

The Defendant, DERRICK RAMON THOMPSON, appeared before the Court on May 22, 2023, for a status re: final hearing on the Petition for Warrant or Summons for Offender under Supervision ("Petition") [DE 426]. At the hearing, Defendant and his counsel advised the Court that Defendant wished to admit the supervised release violation pending against him. The Court therefore engaged in a colloquy with Defendant to ensure that his admission was knowing and voluntary.

Defendant was originally convicted in the Southern District of Florida of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 8141(a)(1) and 841(b)(1) (Count 2), and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5). On February 3, 2016, the Honorable Robin L. Rosenberg, United States District Judge, sentenced Defendant to 84 months of imprisonment followed by five years of supervised release with certain special conditions. Defendant's term of supervised released commenced on April 1, 2022.

1

On April 22, 2022, the Court modified Defendant's conditions of supervised release to require him to participate in an approved mental health treatment program. On June 9, 2022, and July 26, 2022, the Court decided to take no action after Defendant used marijuana.

Defendant is now charged in the Petition [DE 426] with violation of a mandatory condition of his supervised release by unlawfully possessing or using a controlled substance. The Petition alleges that, on June 1, 10, 17, and 24 of 2022; on July 1, 8, 15, and 22 of 2022; on August 4, 5, 12, 19, and 26 of 2022; and on September 2, 9, 16, and 23, 2022, Defendant submitted urine specimens which tested positive for the presence of marijuana.

## II.     Summary of Hearing

At the May 22, 2023 hearing, upon questioning by the Court, Defendant stated that he was clear-headed and not under the influence of drugs, alcohol, or any controlled substance.[1] Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, Defendant was advised of the violations alleged against him, his right to contest the allegations, his right to appear at the hearing and present evidence, and his right to question adverse witnesses. After being advised of those rights, Defendant stated that he waived his right to a final revocation hearing.

Additionally, after being advised of his rights and the maximum penalties he is facing[2], Defendant waived his right to a contested revocation hearing and admitted to the sole allegation that is alleged in the Petition. The Court finds that Defendant made his waiver and admission

---

[1] Defendant did state that he was on certain prescription medications for his mental health issues, but he testified under oath that those medications were not affecting his ability to understand the proceedings.
[2] Defense counsel stated in open court that the defense and the Government intend to make a joint recommendation at the sentencing hearing that Defendant's supervised release should be revoked and that he should serve one year of supervised release from the date of the revocation. The defense and the Government agree that no prison time should be imposed. However, the Court explained to Defendant that the District Judge can still sentence him to up to five years of prison and up to a lifetime of supervised release despite this joint recommendation.

knowingly, intelligently, and voluntarily, and with the advice and assistance of competent counsel. Based on Defendant's admission, as well as its review of the record, the Court finds by a preponderance of the evidence that Defendant committed the sole allegation as alleged in the Petition.

### III. Recommendation

For the foregoing reasons, it is respectfully recommended that the Honorable Robin L. Rosenberg, United States District Judge, find that Defendant has violated the terms and conditions of his supervised release as alleged the sole allegation of the Petition. The Court further recommends that Judge Rosenberg schedule a sentencing hearing on the allegation.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Robin L. Rosenberg. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of May, 2023.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge